THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH NOEL WEBB,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 4:22-cr-00075-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

On July 21, 2023, Defendant Kenneth Webb ("Webb") filed his Motion to Dismiss Count One ("Motion")[1] of the Superseding Indictment.[2] That count charges Webb with violation of 18 U.S.C. § 922(g)(1), colloquially referred to as prohibiting a felon from possession of a firearm.[3] Webb argues in his Motion that 18 U.S.C. § 922(g)(1) is, under the Second Amendment of the United States Constitution, an unconstitutional restraint of the possession of firearms. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Around 8:00 pm on June 2, 2022, Webb was traveling by car with his wife northbound on I-15 in Iron County, Utah. Around mile marker 69, Webb was pulled over by a Utah Highway Patrol Officer for a traffic stop based on a suspicion of a window-tint violation.[4] During the stop, the Highway Patrol Officer conducted a lawful search of Webb's vehicle and discovered a

---

[1] Docket no. 86, filed July 21, 2023.

[2] Docket no. 40, filed December 7, 2022.

[3] Docket no. 40, filed December 7, 2022.

[4] Docket no. 75 at 3, filed May 24, 2023.

firearm in the driver's side door pocket.[5] Later, a search of the trunk revealed a second firearm.[6] Webb has previously been convicted of felonies, including for aggravated assault and burglary.[7]

On July 6, 2022, Webb was indicted by a grand jury in this district with violating 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition."[8]

Webb's Motion challenges 18 U.S.C. § 922(g)(1), arguing that it violates constitutional protections of the Second Amendment. The United States' Response to Defendant's Motion to Dismiss Count One was filed on July 26, 2023 ("Response").[9]

## ANALYSIS

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed."[10] The Supreme Court has explained that while "the Second Amendment conferred an individual right to keep and bear arms," that "right [is] not unlimited . . . ."[11] Though *Heller* struck down firearm regulations in the District of Columbia and recognized the right to possess handguns for self-defense in the home,[12] the Court also clarified that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive

---

[5] Docket no. 75 at 14, filed May 24, 2023.

[6] Docket no. 75 at 14, filed May 24, 2023.

[7] Docket no. 90 at 2, filed July 26, 2023.

[8] 18 U.S.C. § 922(g)(1).

[9] Docket no. 90, filed July 26, 2023.

[10] U.S. CONST. amend. II.

[11] *D.C. v. Heller*, 554 U.S. 570, 595 (2008).

[12] *Id*. at 636.

places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."[13] After *Heller*, the Supreme Court has reiterated that none of its opinions have impacted longstanding "prohibitions on the possession of firearms by felons."[14]

Starting in *United States v. McCane*, the Court of Appeals for the Tenth Circuit has repeatedly rejected challenges to the constitutionality of 18 U.S.C. § 922(g) based on the Supreme Court's language in *Heller*.[15] The Tenth Circuit defines the controlling law and precedent in this district.

Defendant points to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[16] as part of his argument that 18 U.S.C. 922(g) is unconstitutional.[17] In *Bruen*, the Supreme Court held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."[18] In *Bruen*, the Supreme Court also rejected lower courts' use of means-end scrutiny for Second-Amendment analysis. Instead, the *Bruen* court directed courts to determine whether the "Second Amendment's plaint text covers an individual's conduct," and if it does, "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."[19]

Courts evaluating challenges to felon-in-possession laws post-*Bruen* have taken different approaches: some courts have looked to controlling circuit precedent to reject constitutional

---

[13] *Id.* at 626–27.

[14] *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786, (2010).

[15] *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) (unpublished); *United States v. Griffith*, 928 F.3d 855, 870 (10th Cir. 2019); *United States v. Gieswein*, 887 F.3d 1054, 1064 n.6 (10th Cir. 2018).

[16] 142 S. Ct. 2111 (2022)

[17] Docket no. 86, filed July 21, 2023.

[18] 142 S. Ct. 2111, 2122 (2022).

[19] *Id.* at 2130-31.

challenges to 18 U.S.C. § 922(g); others have looked to historical laws and performed the analysis set forth by *Bruen* for Second Amendment analysis; and some have performed both analyses.[20] Under any approach, Webb's Motion must be denied.

*McCane* and its progeny remail the controlling law and precedent in the Tenth Circuit and *Bruen* did nothing to disrupt *McCane* or conclude that 18 U.S.C. 922(g)(1) is unconstitutional. *Bruen* did not involve an analysis of 18 U.S.C. 922(g)(1), or any felon-in-possession laws. Instead, *Bruen* involved "ordinary, law-abiding citizens" seeking to carry handguns publicly for their self-defense.[21] And the *Bruen* court expressly reaffirmed *Heller* and *McDonald*, holding that the decision in *Bruen* was "consistent" with those earlier opinions.[22]

Additionally, in concurrences or dissents, six of the justices joined opinions which specifically acknowledged that *Bruen* did not disturb felon in possession laws. Justice Kavanaugh, joined by Chief Justice Roberts, wrote a concurring opinion which reiterated that the Second Amendment did allow a variety of firearm regulations and pointed to the language in *Heller* explaining that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons or the mentally ill . . . ."[23] Justice Breyer's dissent, joined by Justices Sotomayer and Kagan, echoes the understanding that the Court's *Bruen* opinion "cast[s] no doubt on [the] aspect of Heller's holding" that identifies prohibitions of felons possessing firearms as "presumptively lawful."[24] Justice Alito also wrote a concurrence in which he explained that the *Bruen* holding "decides nothing about who may lawfully possess a

---

[20] *United States v. Baker*, No. 2:20-CR-00301-DBB, 2022 WL 16855423, at *4 n.4 (D. Utah Nov. 10, 2022) (collecting cases).

[21] *Id.* at 2122.

[22] *Id.*

[23] *Id.* at 2162.

[24] *Id.* at 2189.

firearm or the requirements that must be met to buy a gun. . . . Nor have we disturbed anything we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."[25]

In sum, nothing in *Bruen* upends or changes the precedent in this circuit which has repeatedly rejected constitutional challenges to 18 U.S.C. § 922(g)(1).[26] Until there is a Supreme Court or Tenth Circuit opinion that finds 18 U.S.C. § 922(g)(1) unconstitutional or overrules *McCane*, the controlling precedent of *McCane* must be followed and constitutional challenges to 18 U.S.C. 922(g)(1) must be dismissed.[27]

Courts in this district and elsewhere conducting an analysis under *Bruen* have upheld "the constitutionality of § 922(g)(1) as applied to . . . convicted felons, because the law is consistent with the Nation's historical tradition of firearm regulation."[28] Defendant cites no controlling cases to the contrary. And cases cited by Defendant fail to persuade. For example, the Third Circuit in *Range v Attorney General*, stated that its "decision [was] a narrow one. Bryan Range challenged the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to him." [29] The court narrowly held that 18 U.S.C. 922(g)(1) was inapplicable to Mr. Range whose underlying crime was making false statements to obtain food stamps, a misdemeanor in Pennsylvania for which the defendant served only probation.[30] In a concurring opinion in *Range*, three judges agreed that

---

[25] *Id.* at 2157.

[26] *See* footnote 15, *supra*.

[27] *United States v. Baker*, 2022 WL 16855423, at *3 (D. Utah Nov. 10, 2022).

[28] *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (citation omitted); *United States v. Carrero*, 635 F. Supp. 3d 1210 (D. Utah 2022); *United States v. Teerlink*, Case No. 2:22-CR-0024-TS, 2022 WL 17093425 (D. Utah Nov. 21, 2022); *United States v. Carpenter*, Case No. 1:21-cr-00086-DBB, 2022 WL 16855533 (D. Utah Nov. 10, 2022); *Baker*, 2022 WL 16855423, at *3; *United States v. Coombes*, 629 F. Supp. 3d 1149, 1162 (N.D. Okla. 2022).

[29] *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 98 (3d Cir. 2023).

[30] *Id.*

as applied to Mr. Range, 18 U.S.C. 922(g)(1) was unconstitutional, but wrote separately to explain

> why the Government's failure to carry its burden in this case does not spell doom for § 922(g)(1). It remains presumptively lawful. This is so because it fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly functioning of society. That Range does not conceivably pose such a threat says nothing about those who do.[31]

In contrast, Mr. Webb has a history that includes multiple violent felonies which do not raise the same issues as were present in *Range*.

## CONCLUSION

Based on controlling precedent in the Tenth Circuit as well as persuasive court opinions holding that 18 U.S.C. 922(g)(1)'s prohibitions are consistent with historical tradition, Count One of Defendant's Superseding Indictment is not an unconstitutional infringement of Defendant's Second Amendment rights and dismissal is not warranted. The Motion is DENIED.

Signed August 3, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[31] *Id.* at 109–10.